UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRANCE TURNER,<br><br>                              Plaintiff,<br>v.<br><br>AUTOMOBILI LAMBORGHINI AMERICA LL, et al.,<br>                            Defendants. | Case No.: 3:23-cv-01772-RBM-MSB<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS**<br><br>**[Doc. 2]** |

On September 25, 2023, Plaintiff Terrance Turner ("Plaintiff") filed a Complaint for a Civil Case ("Complaint"). (Doc. 1.) Plaintiff also filed an application to proceed In Forma Pauperis ("IFP Application"). (Doc. 2.) For the reasons set forth below, Plaintiff's IFP Application is **DENIED**.

### I.   BACKGROUND

In his Complaint, Plaintiff indicated that the basis for jurisdiction was federal question jurisdiction. (*Id.* at 3.) However, Plaintiff also completed the information pertaining to diversity jurisdiction. (*Id.* at 3–4.) Plaintiff then alleged that 28 U.S.C. § 1331 and "The 10th Amendment" "grants power and authority of the North District of California court jurisdiction system to hear this matter[.]" (Doc. 1-1 at 1.)

Plaintiff provided the following statement of claim:

> The rectification of a criminal matter dispute that originated in breach of contract, anticipatory breach of contract, bad faith actions upon bad faith intentions, was caused and performed by 'Kendall Jamison Clark & Unknown Accomplices'. These individuals were aided in their escape with a 2015 Lamborghini Huracan through willful, malicious, deliberate limited product configuration, limited services configuration of Lamborghini corporate departments responsible for installation and configuration of vehicle telemetry services. The vehicle cannot be located accurately by law enforcement, nor federal agencies without specific GPS coordinate data that has been convoluted into production 'unfairly' in violation of Title 15 U.S.C. § 45 and multiple inherent, implicit sections thereof.

(Doc. 1 at 4 (unedited).) Plaintiff then requests the following relief:

> Seeking WARRANT for 'Kendall Jamison Clark & Unknown Accomplices,' interdiction, extradition across state lines applied. Vehicle trafficked and conveyed from California, San Diego region, Los Angeles region, to unknown cities and across state lines, where confirmation, within proximity of a definitize zip code structure has been alleged and potentially confirmed. Seeking WARRANT, against and applied to Lamborghini for, recovery and reclaimation of vehicle, implicit to withheld and obfuscated GPS and vehicle data, which would convey operation dynamics performed, as well as, occupants of vehicle who are potential witting accomplices of this crime and several others. Company stands accused of wittingly and unwittingly applying TORTIOUS INTERFERENCE. This lawsuit, civil complaint, covers five individual, individually owned, insured, financed, registered, title and all, vehicles. These vehicles have been moved to dealership properties for sale and ii is not legal. There is no personnel within any car dealership that will recognize an original owner when 'paper work fraud' has taken place. The title is a fraud. The registration is a fraud. There is existing provable histories of finance payments, car insurance payments that logically decide the owner as 'Marcus Mckie' of Murrieta, CA 92563 who legally owns these vehicles and is legally registered as a dealer within The State of California. This lawsuit seeks punitive damages renumeration for the lost vehicles which are unsalvageable, and cooperation in apprehension of criminal.

(*Id.* at 4–5 (unedited).)

Plaintiff alleges that the victim is "Marcus Mckie" of Murrieta, California, and the assailant is "Kendall Jamison Clark" and unknown others. (Doc. 1-1 at 2.) Plaintiff alleges that the assailant stole a 2015 Lamborghini Huracan worth approximately $260,000. (*Id.*)

Plaintiff alleges that "[t]he car companies named as defendants are asked to turn over, and release any GPS data, vehicle location transmission data to the creator of this lawsuit to attempt to perform recovery of vehicle, or furnish punitive damages forward for harboring felony fugitives, for being civilly liable for financial crimes against the public, for general acts of negligence of not partaking any negative action against crimes within your franchise facilities, for aiding and abetting crimes of stolen property which harms the public and the global interest at large." (*Id.* at 4.)

Plaintiff then alleges eight causes of action: (1) Title 15 U.S.C. § 45—Unfair Methods of Competition Unlawful; (2) Title 47 U.S.C. § 325—False, Fraudulent, or Unauthorized Transmissions; (3) the Uniform Commercial Code § 2-314—Implied Warranty, Merchantability, Usage of Trade; (4) Title 15 U.S.C. § 2308—Implied Warranties; (5) Title 15 U.S.C. § 2310—Remedies in Consumer Disputes; (6) Title 47 U.S.C. § 605—Unauthorized Publication or Use of Communications; (7) the Computer Fraud and Abuse Act; and (8) Title 15 U.S.C. § 50—Offenses and Penalties. (*Id.* at 5–8.)

## II.   LEGAL STANDARD

A motion to proceed IFP presents two issues for the Court's consideration. First, the Court must determine whether an applicant properly shows an inability to pay the $405[1] civil filing fee required by this Court. *See* 28 U.S.C. §§ 1914(a), 1915(a). To that end, an applicant must provide the Court with a signed affidavit "that includes a statement of all assets[,] which shows inability to pay initial fees or give security." Civ. L.R. 3.2(a). Second, § 1915(e)(2)(B)(ii) requires the Court to evaluate whether an applicant's complaint sufficiently states a claim upon which relief may be granted. *See Lopez v. Smith*, 203 F.3d

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a); United States Courts, District Court Miscellaneous Fee Schedule § 14 (effective Dec. 1, 2023), https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule. The additional $55 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

1122, 1127 (9th Cir. 2000) ("1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim.").

### III. DISCUSSION

#### A. Plaintiff's IFP Application

An applicant need not be completely destitute to proceed IFP, but he must adequately prove his indigence. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). An adequate affidavit should "allege[] that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins*, 335 U.S. at 339); *see also United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (an adequate affidavit should state supporting facts "with some particularity, definiteness and certainty") (citation omitted). No exact formula is "set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo*, 787 F.3d at 1235. Consequently, courts must evaluate IFP requests on a case-by-case basis. *See id*. at 1235–36 (declining to implement a general benchmark of "twenty percent of monthly household income"); *see also Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) (requiring that district courts evaluate indigency based upon available facts and by exercise of their "sound discretion"), *rev'd on other grounds*, 506 U.S. 194 (1993); *Venable v. Meyers*, 500 F.2d 1215, 1216 (9th Cir. 1974) ("The granting or denial of leave to proceed [IFP] in civil cases is within the sound discretion of the district court.").

In his IFP Application, Plaintiff indicates that he is unemployed and that his last income was $1100 in May of 2023. (Doc. 2 at 1–2.) He explains that he is attempting to gain employment and that he is hustling legal services at a modicum price just to pay rent. (*Id.* at 2.) He further explains that he cut his prices to be half the standard legal retainer of $5,000 and that anyone who is a client is on a $500 monthly installment plan. (*Id.*) Plaintiff also indicated that he has a Bank of America account with a balance of $2,000, he has $200 in cash, and he owns a 2018 Kia Soul. (*Id.* at 3.) However, Plaintiff also indicates that he owes $100 to Merrick Bank and that his monthly expenses are approximately $3500. (*Id.*)

4

Because Plaintiff does not indicate how much he receives for "hustling" legal services, the Court cannot be sure of Plaintiff's income. Therefore, Plaintiff's IFP Application is **DENIED**.

**B.     Screening Under 28 U.S.C. § 1915(e)**

"Even were the Court to grant Plaintiff's IFP Motion, Plaintiff's complaint warrants dismissal pursuant to 28 U.S.C. § 1915(e)(2)'s required pre-answer screening." *Toussaint v. Venante*, No. 22-CV-245 JLS (AGH), 2022 WL 891112, at *2 (S.D. Cal. Mar. 25, 2022). As discussed above, every complaint filed pursuant to the IFP provisions of 28 U.S.C. § 1915 is subject to mandatory screening by the Court under Section 1915(e)(2)(B). *Lopez*, 203 F.3d at 1127. Under this provision, the Court must dismiss complaints that are frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief from defendants who are immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citation omitted).

**1.     Standing**

"In order to bring a case in federal court, a plaintiff must demonstrate he or she has "standing." *Thistle v. New Hampshire*, No. 21cv02072-LL-BGS, 2022 WL 1445374, at *5 (S.D. Cal. May 6, 2022) (finding that a pro se plaintiff did not adequately allege an injury-in-fact sufficient to establish standing) (citing U.S. Const. art. III and *Clapper v. Amnesty Int'l U.S.A.*, 568 U.S. 398, 408 (2013)). "'The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision.'" *Id.* (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016)). "'Standing focuses on whether a plaintiff has a 'personal stake' in the action such that she will be an effective litigant to assert the legal challenge at issue.'" *Id.* (quoting *Townley v. Miller*, 722 F.3d 1128, 1135 (9th Cir. 2013)).

Here, Plaintiff has not alleged any "personal stake" in this litigation. In fact, Plaintiff's role in this litigation is not explained anywhere in his Complaint. Rather, the

"victim" of the alleged wrongs is "Marcus Mckie" of Murrieta, California.  (Doc. 1-1 at 2.)  Therefore, even if the Court were to grant Plaintiff's IFP Application, the Court finds that Plaintiff lacks standing, and Plaintiff's Complaint must be **DISMISSED**.

### 2. Venue

Although not a basis for dismissal, the Court also notes that venue in this district appears to be improper.  Plaintiff alleges that the victim is "Marcus Mckie" of Murrieta, California, which is in the Central District of California.  (Doc. 1-1 at 2; *see also* 28 U.S.C. § 84.)  Plaintiff also alleges that 28 U.S.C. § 1331 and "[t]he 10th Amendment" "grants power and authority of the *Northern* District of California court jurisdiction system to hear this matter[.]"  (*Id.* at 1 (emphasis added).)  However, Plaintiff filed this case in the Southern District of California.

### 3. Federal Rule of Civil Procedure 12(b)(6)

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).  Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).  The Court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt."  *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)).  However, the Court may not "supply essential elements of claims that were not initially pled."  *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  Here, Plaintiff has alleged eight federal causes of action.  (Doc. 1-1 at 5–8.)  However, Plaintiff has not alleged any facts supporting each element of each cause of action.  Therefore, even if the Court were to grant Plaintiff's IFP Application, Plaintiff's claims must be **DISMISSED**.

## IV. CONCLUSION

Based on the foregoing, Plaintiff's IFP Application is **DENIED**. Plaintiff may file a renewed IFP Application, as well as an amended complaint consistent with the Court's guidance above (*see* Section III.B), on or before **October 4, 2024**.

**IT IS SO ORDERED.**

DATE: September 20, 2024

                                                               *[signature]*
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE